IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Larry Magarik, as Independent Fiduciary for the Retirement Fund of Local 1482 Paint and Allied Products Manufacturers, and the Retirement Fund of Local 1482 Paint and Allied Products Manufacturers,<br><br>               Plaintiffs,<br><br>v.<br><br>Comprehensive Consulting Group, Kevin Sweeney, Kane Kessler, P.C., and Kenneth Ballan,<br><br>               Defendants. | Case No. 1:19-cv-11211-JGK |

**STIPULATED PROTECTIVE ORDER**

The Court having found that good cause exists for issuance of an appropriately tailored  confidentiality order governing the pre-trial phase of this action, and the parties having stipulated  to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents,  experts and consultants, acting as such, all third parties providing discovery in this action, and all  other  interested  persons with  actual  or constructive  notice  of  this Order  shall adhere  to  the  following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1.    Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of  any kind provided in the  course  of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone

else except as expressly permitted hereunder.

2.    The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3.    With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.    If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated

portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

5.    No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a)    the parties to this action;

(b)    counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action, including counsel that have not filed an appearance in the litigation (provided, however, that counsel who have not filed an appearance are provided with a copy of this protective order and agree to abide by its terms before accessing Confidential Discovery Material);

(c)    as to any document, its author, its addressee, and any other person shown  on the face of the document as having received a copy;

(d)    any witness who counsel for a party in good faith believes may be called  to testify at trial or deposition in this action, provided such person has  first executed a Non-Disclosure Agreement in the form annexed hereto;

(e)    any person retained by a party to serve as an expert witness or consultant or  otherwise provide specialized advice to counsel  in  connection

with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f)   stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g)   independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h)   the Court and Court personnel; and any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material;

(i)   the parties' insurers.

6.   Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non- Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing Confidential Materials in this Action**

7.   Any person who either objects to any designation of confidentiality, or who,

by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

8.     Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow § 6 of Judge Koeltl's Individual Practices with respect to pretrial requests for filing under seal.

9.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

10.     Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

11.     If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney- client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed

Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12.     If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13.     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14.     If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

**Termination of the Litigation**

15.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, provided that the parties'

insurers may retain a copy of Confidential Discovery Material to the extent

necessary to comply with legal and/or regulatory obligations.

16.    During the pendency of this case only, this Court shall retain jurisdiction over

all  persons  subject  to  this  Order  to  the  extent  necessary  to  enforce  any

obligations  arising hereunder or to impose sanctions for any contempt thereof.

17.    This order is not binding on the Court or Court personnel. The Court reserves the right
to amend this order at any time.


SO ORDERED.

New York, NY     /s/ John G. Koeltl
April 23, 2020   John G. Koeltl, U.S.D.J.